IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JAMES ALEXANDER LOGAN,
        Plaintiff,

vs.                                        Case No.:  3:19cv3513/MCR/EMT

SGT. MCCRANIE, et al.,
        Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff James Alexander Logan ("Logan"), an inmate of the Florida Department of Corrections ("FDOC") proceeding pro se and in forma pauperis, has filed a civil rights complaint under 42 U.S.C. § 1983 (ECF No. 1).

This case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(C); *see also* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b).  After careful consideration of the issue presented in Logan's Complaint, it is the opinion of the undersigned that his federal claims should be dismissed for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and the court should decline to exercise supplemental jurisdiction over Logan's state claims.

## I.     LOGAN'S ALLEGATIONS

Logan names three Defendants in this case: (1) T.M. McCranie, a sergeant at Santa Rosa Correctional Institution, (2) J. Santiago, an assistant warden at Santa Rosa C.I., and (3) R. Rogers, a sergeant at Florida State Prison ("FSP") (ECF No. 11 at 1–2).[1]     Logan alleges on June 19, 2019, he was transferred from Suwanee C.I. to FSP (*id.* at 6). He alleges all of his personal property was transferred with him and stored in the property room (*id.* at 6–7, 9). Logan alleges on June 24, 2019, he was notified he was being transferred from FSP to Santa Rosa C.I. (*id.*). Logan alleges when officers at FSP prepared his property for transfer, they discovered certain items were missing (*id.*). Logan alleges Defendant Rogers assured him the missing items would be mailed to Santa Rosa C.I. (*id.*).

Logan alleges upon his arrival at Santa Rosa C.I., Defendant McCranie failed to inventory his property in his presence (ECF No. 1 at 10). Logan alleges McCranie stole his new Nike shoes on July 8, 2019 (*id.* at 10–11). Logan alleges he filed grievances concerning his missing and stolen property, but Defendant Santiago denied his formal grievance (*id.* at 11, attached Exhibit C).

---

[1] The court refers to the page numbers automatically assigned by the court's electronic filing system, rather than the page numbers Logan assigned.

Logan claims that Defendants deprived him of his personal property without due process of law, in violation of the Fifth and Fourteenth Amendments (ECF No. 1 at 7–8, 12). Logan also appears to bring a conspiracy claim under 42 U.S.C. § 1985(3) (*id.* at 8, 13). Logan contends Defendants Rogers and McCranie also violated Florida state law by stealing his property (*id.* at 7, 12). As relief, Logan seeks monetary damages against Defendants in their individual capacities (*id.* at 13).

## II.    STATUTORY SCREENING STANDARD

Because Logan is a prisoner proceeding in forma pauperis, the court must dismiss this case if the court determines that Logan's allegations fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1). The statutory language "tracks the language of Federal Rule of Civil Procedure 12(b)(6)," therefore, dismissals for failure to state a claim are governed by the same standard as Rule 12(b)(6). *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). The allegations of the complaint are taken as true and construed in the light most favorable to Plaintiff. *See Davis v. Monroe Cnty. Bd. of Educ.*, 120 F.3d 1390, 1393 (11th Cir. 1997). To survive statutory screening under §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556

U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quotation marks and citation omitted).

The court must consider the Complaint in its entirety. The court will also consider other sources which courts ordinarily examine when ruling on a 12(b)(6) motion, in particular, documents attached to the complaint or incorporated into the complaint by reference, and matters of which a court may take judicial notice. *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322, 127 S. Ct. 2499, 168 L. Ed. 2d 179 (2007); *Saunders v. Duke*, 766 F.3d 1262, 1272 (11th Cir. 2014); *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997).

III.    DISCUSSION

A.    Due Process Claims

The Due Process Clause encompasses two components, a substantive component and a procedural component. The substantive component of the Due Process Clause protects only "fundamental" rights. *See McKinney v. Pate*, 20 F.3d 1550, 1556 (11th Cir.1994) (citing *Palko v. Connecticut*, 302 U.S. 319, 325, 58 S. Ct. 149, 82 L. Ed. 288 (1937)). Fundamental rights "are protected against certain government actions regardless of the fairness of the procedures used to implement them." *McKinney*, 20 F.3d at 1556 (internal quotation omitted). In contrast, "areas

in which substantive rights are created only by state law . . . are not subject to substantive due process protection . . . because substantive due process rights are created only by the Constitution." *Id.* (internal quotation omitted). Such state-law based rights can be rescinded "so long as the elements of procedural—not substantive—due process are observed." *Id.*

Property interests are created and defined by state law rather than the Constitution. *See Greenbriar Village, L.L.C. v. Mountain Brook City*, 345 F.3d 1258, 1262 (11th Cir. 2003) (citing *Bd. of Regents v. Roth*, 408 U.S. 564, 577, 92 S. Ct. 2701, 33 L. Ed. 2d 548 (1972)). They are not fundamental rights, and thus are not entitled to substantive due process protection. *See id.* at 1262–63 ("[N]on-legislative deprivations of state-created rights . . . cannot support a substantive due process claim.); *see also Regents of Univ. of Mich. v. Ewing*, 474 U.S. 214, 229, 106 S. Ct. 507, 88 L. Ed. 2d 523 (1985) (Powell, J., concurring) ("While property interests are protected by procedural due process even though the interest is derived from state law rather than the Constitution . . . substantive due process rights are created only by the Constitution.").

With regard to the procedural component of the Due Process Clause, the Supreme Court has unequivocally held that an unauthorized intentional deprivation of property by a state actor does not constitute a violation of the procedural

requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post-deprivation remedy for the loss is available. *See Hudson v. Palmer*, 468 U.S. 517, 533, 104 S. Ct. 3194, 82 L. Ed. 2d 393 (1984). Under Florida law, a person may file a tort action in state court to recover damages for destruction of property. *See* Fla. Stat. § 768.28 (2011). The existence of § 768.28 provides Logan with a meaningful, post-deprivation remedy to challenge the loss of his personal property caused by Defendants' alleged intentional conduct. Additionally, the Due Process Clause is not implicated by a negligent act of an official causing unintended loss of property. *Daniels v. Williams*, 474 U.S. 327, 328, 106 S. Ct. 662, 88 L. Ed. 2d 662 (1986). Therefore, Logan's federal due process claims concerning the deprivation of his personal property are foreclosed.

B.    Conspiracy Claim

The Eleventh Circuit has explained that the doctrine of intracorporate conspiracy bars claims arising under § 1985(3) because "it is not possible for a single legal entity consisting of the corporation and its agents to conspire with itself." *McAndrew v. Lockheed Martin Corp.*, 206 F.3d 1031, 1036 (11th Cir. 2000). "This doctrine has been applied not only to private corporations but also to public, government entities." *Dickerson v. Alachua Cnty. Comm'n*, 200 F.3d 761, 767 (11th Cir. 2000); *see also Grider v. City of Auburn,* Ala., 618 F.3d 1240, 1261–63 (11th

Cir. 2010); *Denney v. City of Albany*, 247 F.3d 1172, 1191 (11th Cir. 2001) (applying

the intracorporate conspiracy doctrine to bar a § 1985 claim against two city

employees). Because Logan's conspiracy claim is "against actors who are part of a

single, public entity" (i.e., the FDOC), his § 1985 claim is barred by the

intracorporate conspiracy doctrine.[2] *See Dickerson*, 200 F.3d at 768–69.

C.    State Law Claims

Logan's state claims should be dismissed without prejudice to his pursuing

them in state court. It is well established that once a plaintiff's federal claims are

dismissed, there remains no independent federal jurisdiction to support the court's

exercise of supplemental jurisdiction over any state claims against a defendant. *See

Baggett v. First Nat'l Bank of Gainesville*, 117 F.3d 1342, 1352 (11th Cir. 1997).

Title 28 U.S.C. § 1367(c)(3) provides that the district court may decline to exercise

supplemental jurisdiction over claims after it has dismissed all claims over which it

has original jurisdiction. *See United Mine Workers v. Gibbs*, 383 U.S. 715, 725–26,

86 S. Ct. 1130, 16 L. Ed. 2d 218 (1966). Where § 1367(c) applies, considerations

of judicial economy, convenience, fairness, and comity may influence the court's

---

[2] The Eleventh Circuit has recognized an exception to the applicability of the intracorporate
conspiracy doctrine for intracorporate criminal conspiracies arising under 18 U.S.C. § 371 of the
federal criminal code. *See McAndrew*, 206 F.3d at 1038. However, Logan does not allege any
criminal conduct under § 371; therefore, this exception does not apply.

discretion to exercise supplemental jurisdiction. *See Baggett*, 117 F.3d at 1353 (citation omitted). The Eleventh Circuit has encouraged district courts to dismiss any remaining state claims when the federal claims have been dismissed prior to trial. *See Raney v. Allstate Ins. Co.*, 370 F.3d 1086, 1089 (11th Cir. 2004).

Taking these factors into account in this case, the court concludes that Logan's state claims should be dismissed to permit him to pursue them in a more appropriate forum. While it would be convenient for Logan to continue litigating his case in this court, this court has a substantial number of original jurisdiction cases awaiting review, and neither judicial economy nor fairness to other litigants support retaining jurisdiction of Logan's state claim(s) and delaying justice in other cases. Furthermore, the state court is best equipped to research and rule on matters of state law, and comity would suggest that it should be allowed to do so.

Moreover, the supplemental jurisdiction statute contains a tolling provision. *See* 28 U.S.C. § 1367(d) (state claims asserted in federal court along with "related" federal claims "shall be tolled while the claim is pending and for a period of 30 days after it is dismissed"); *Artis v. District of Columbia*, — U.S. —,138 S. Ct. 594, 199 L. Ed. 2d 473 (2018). Thus, Logan's state claims are tolled while they are pending in federal court, and Logan has thirty (30) days after dismissal by the federal court to re-file in state court. *See Artis, supra*; *Krause v. Textron Fin. Corp.*, 59 So. 3d

1085 (Fla. 2011).  Therefore, Logan's pursuit of any state claim in state court would not be prejudiced by this court's declining to exercise supplemental jurisdiction.

IV.   CONCLUSION

Accepting the allegations of Logan's Complaint as true, and liberally construing them in the light most favorable to Logan, the undersigned concludes that Logan's factual allegations fail to state a plausible federal claim against any Defendant.  Ordinarily, a party must be given at least one opportunity to amend before the district court dismisses the complaint.  *See Corsello v. Lincare, Inc.*, 428 F.3d 1008, 1014 (11th Cir. 2005).  However, "[a] district court need not . . . allow an amendment . . . where amendment would be futile."  *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001).  Here, Logan's federal claims are unarguably without legal merit, and the pleading deficiency cannot be cured by amendment.  Therefore, his federal claims should be dismissed, with prejudice, for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(b)(ii) and § 1915A(b)(1).  Logan's state claims should be dismissed without prejudice to his pursing them in state court.

Accordingly, it is respectfully **RECOMMENDED**:

1.    That Plaintiff's federal claims against Defendants **DISMISSED with prejudice** for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1);

2.    That Plaintiff's state claims be **DISMISSED without prejudice** to his pursing them in state court; and

3.    That the clerk of court be directed to enter judgment accordingly and close the case.

**DONE AND ORDERED** this 10th day of October 2019.


*/s/ Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections must be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**